WILSON v. VAN PELT, appellant.

*Deed — misdescription of lands — when reconveyance will be directed — Evidence.*

Defendant, by verbal contract, agreed to sell and convey to plaintiff certain lands. A deed was made under defendant's direction containing a description, not of the lands agreed to be sold, but of other lands. This deed was accepted by plaintiff under the belief that it covered the lands agreed for. *Held,* that the plaintiff was entitled to the equitable relief, that a reconveyance containing a correct description be executed by defendant.

Evidence in respect to the comparative value of different parts of the parcels of land in controversy *held* admissible, on the question of defendant's fraud.

APPEAL from a judgment in favor of plaintiff in an action in equity, tried at special term in Cayuga by Mr. Justice DWIGHT. It was brought to compel the specific performance of a contract to convey to plaintiff 183 acres of land in Victory, in said county.

The contract was a verbal one. The defendant owned at the time about 200 acres of land, and was to take from plaintiff his farm at Brutus, in said county, in exchange, and reserve the wood upon 18 acres out of his own lot. Defendant executed and delivered a deed of 183 acres, and it was afterward found, as the plaintiff claimed that the description in the deed to the plaintiff was erroneous, and that he did not get the land purchased; but his deed included a quantity of swamp land of little value not sold, and excepted a large portion of wooded up-land pointed out to him at the time of the sale by the defendant, and paid for by him. The judge who tried the cause found, in substance and effect, that the allegations of the complaint were true, and that defendant did not convey the land pointed out to the plaintiff at the time of the bargain, but conveyed other land, knowing that the plaintiff relied upon his statement that the premises described in and contained in the deed delivered to him were the premises actually pointed out and sold to him by said defendant, and that such statement was not true, and gave judgment directing defendant to receive from plaintiff a reconveyance of said premises, and then immediately to execute and deliver a proper conveyance to plaintiff of the premises pointed out and sold as particularly described in the finding of said judge; and judgment was duly entered accordingly, from which the defendant has appealed to this court.

*H. V. Howland,* for appellant.

*J. T. M. Davie,* for respondent.

E. DARWIN SMITH, J. The findings of the judge upon the facts fully warranted the judgment rendered by him. The case presents a clear cause for equitable relief where a grantor of land is trusted to prepare the deed and untruly describes the premises sold, whether by mistake or fraud. *Botsford* v. *McLean,* 45 Barb. 478, 488; S. C. affirmed in the Court of Appeals, 1870, cited in 48 N. Y. 343; *Rider* v. *Powell,* 28 id. 310.

Upon the facts found the case is a clear one for relief, on the ground of deception and fraud.

The findings of the judge upon the facts are not unwarranted by the evidence. The judgment cannot be disturbed on that ground.

None of the exceptions in regard to the admission of testimony were well taken. The evidence in respect to the comparative value of the north and the south parts of the parcel was admissible, on the question of the fraud of the defendant. The suggestion that if it had been worthless it would not be a defense may be true; but it nevertheless presented an element of evidence, relating to the situation of the property which the plaintiff was purchasing and the defendant selling, adapted to influencing their conduct in making the trade and proper for the consideration of the judge on the question of the good faith of the defendant in the transaction.

The judgment should be affirmed with costs.

*Judgment affirmed.*